UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SEAN WHITE,

           Plaintiff,            Case No. 1:13-cv-1057

v.            Honorable Janet T. Neff

KENNETH MCKEE et al.,

           Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Discussion

I.  Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). In his complaint, he names as Defendants the County of Ionia and the following IBC employees: Warden Kenneth McKee; Administrative Deputy Warden Toney Trierweiler; Deputy Warden Matt Macauley; Sergeant Veronica Perez; Food Service Director Brian Schaefer; and Food Service staff member Thomas Lebo.

According to the amended complaint, Plaintiff is confined in the administrative segregation unit at IBC. On July 31, 2013, MDOC employee Ms. Bussinger, who is not a defendant, was handing out food trays. When Plaintiff received his food tray, he put some oatmeal on his bread and noticed that there was something in his food. By this time, Ms. Bussinger had moved on to the cell next door to Plaintiff's cell. Plaintiff called Ms. Bussinger back to his cell and told her there was something in his food. Plaintiff showed Ms. Bussinger what appeared to be broken pieces of razor blades hidden in his food. Ms. Bussinger offered Plaintiff another food tray, but he declined to accept it. Plaintiff asked Ms. Bussinger if he could see the Sergeant. Defendant Perez came to his cell and took photos of the food tray. Plaintiff then asked to see Defendant Trierweiler. Defendant Perez told him he could not see Defendant Trierweiler. Plaintiff asked to see Defendant Perez' supervisor Defendant Macauley. Defendant Perez told him he could not see Defendant Macauley.

Defendant Perez left but later came back to Plaintiff's cell with a misconduct ticket citing Plaintiff for being in possession of dangerous contraband. Plaintiff explained to Defendant

Perez that he did not have the broken razor on his person or in his cell, and that the razor was in his food when he received his food tray. After an investigation and hearing, Plaintiff was found "not guilty" of the misconduct. (Am. Compl., Docket #1, Page ID#17.)

Plaintiff filed a grievance complaining about the "ongoing problem" with IBC food trays and the failure of food services staff to pay attention to the inmates preparing the food trays for prisoners in administrative segregation. (*Id.* at Page ID#19.) Plaintiff's grievance was denied. The Step I response noted that there had been no other complaints about razor pieces in the food on July 31, 2013, and that food services would continue to monitor trays. (*Id.* at Page ID#20.) Plaintiff appealed alleging that Defendant McKee was trying to cover up what happened and that his Eighth Amendment rights were being violated. (*Id.* at Page ID#21.) Defendant McKee provided the Step II Appeal response and denied Plaintiff's grievance. McKee noted that the Step I response was "adequate and appropriate" and that Plaintiff had "neither evidence nor information that substantiates his allegations." (*Id.* at Page ID#22.)

Based on the foregoing allegations, Plaintiff claims that Defendants have violated his rights under the Eighth Amendment. As relief, Plaintiff seeks a declaratory judgment and compensatory damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment

Plaintiff claims that Defendants violated his Eighth Amendment rights by failing to protect him from receiving contaminated food and by giving him a contaminated food tray.

4

Additionally, Plaintiff claims that Defendants violated his Eighth Amendment rights by failing "to carefully supervise the inmates on the line doing the serving of the food trays in which they were inadequate[ly] supervised [be]cause there was broken razors inside of my food." (Compl., Docket #12, Page ID#77.)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm.

5

*Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir. 1995). *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). Similiarly,

> [t]o establish an Eighth Amendment violation of cruel and unusual punishment, a prisoner-plaintiff must show that a state actor acted with deliberate indifference-knowing disregard-to a substantial risk of serious harm to an inmate. A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected.

*Green v. Atkinson*, 623 F.3d 278, 280-81 (5th Cir. 2010). *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (same); *Freeman v. Trudell*, 497 F.Supp. 481, 482 (E.D. Mich. 1980) ("An occasional incident of a foreign object finding its way into the food, while regrettable, does not raise a question of constitutional proportion."). *See also Templeton v. Casto*, No. 3:13-6442, 2013 WL 5425131 (S.D.W. Va. Sept. 26, 2013) (listing cases).

Plaintiff fails to state a claim under the Eighth Amendment based on Defendants' failure to protect him or based on "cruel and unusual" punishment. Plaintiff does not allege any facts that suggest Defendants were deliberately indifferent to a substantial risk of serious harm. Rather, Plaintiff merely describes a single incident in which he was given contaminated food. *See Green*, 623 F.3d at 281 (one incident of contaminated food does not violate the 8th Amendment). Although he seems to suggest that there have been other such incidents, Plaintiff does not offer *any* supporting facts. Plaintiff attached to his original complaint the affidavits of two other prisoners at IBC. Both prisoners attest to the accuracy of Plaintiff's recounting of the July 31, 2013, incident;

6

neither even hints that other such incidents have occurred. Additionally, Plaintiff originally filed his complaint on September 11, 2013 in the Eastern District. His case was transferred to this district and on October 21, 2013, this Court ordered Plaintiff to file an amended complaint on the Court's civil rights complaint form. Plaintiff filed his amended complaint on October 28, 2013. Presumably, had Plaintiff experienced any other food-tray-contamination incidents in the more than 45 days between the filing of his original and amended complaint, he would have raised these new incidents in his amended complaint. Moreover, in his response to Plaintiff's Step I grievance claiming that issues with contaminated food trays were "on-going," Defendant Lebo noted that no other complaints were made regarding razors in the oatmeal on July 31, 2013. (Compl., Docket #1, Page ID#20.) Likewise, Defendant McKee noted in his Step II Appeal Response, that Plaintiff provided no evidence or information to substantiate his allegations that Defendants were attempting to "cover up" Eighth Amendment violations. (*Id.* at Page ID#22) Plaintiff simply does not allege any facts tending to show deliberate indifference to a substantial risk of serious harm. Accordingly, Plaintiff fails to state an Eighth Amendment claim against any Defendant.

Even if Plaintiff had sufficiently stated an Eighth Amendment claim, however, he does not allege that any individual Defendant engaged in active unconstitutional conduct. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where the complaint did not allege with any degree of

specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails even to mention Defendant McKee in the body of his complaint and to the extent that he mentions Defendants Trierweiler and Macauley, he does so only to explain that he was not permitted to speak to them after he found the broken razor pieces in his food. Additionally, he mentions Defendant Perez only because she was the Sergeant who responded to his cell when he found the razor pieces in his food. With respect to these Defendants, Plaintiff's allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (which requires "a short and plain statement of the claim showing that the pleader is entitled to relief").

In addition, Plaintiff fails to make specific factual allegations against Defendants Schaefer and Lebo, other than his claim that they failed to properly supervise "the inmates on the line doing the serving of the food trays." (Compl., Docket #12, Page ID#77.) Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't*

*of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, §1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff does not allege that Defendants Schaefer and Lebo placed the broken razors in his oatmeal. To the contrary, Plaintiff makes it clear that he believes the inmates who work in food service are tampering with the food. (Compl., Docket #12, Page ID#77.) Thus, Plaintiff fails to allege that Defendants Schaefer and Lebo engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Municipal Liability

In addition to the individual Defendants, Plaintiff sues the County of Ionia. A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the

9

governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe County*, 520 U.S. 781, 784-85 (1997).

Plaintiff's claim fails at this first step because his allegations have not identified a policy or custom. Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation). Accordingly, Plaintiff fails to state a claim against the County of Ionia.

III.  Motion to Consolidate

Concurrently with the filing of his amended complaint, on October 28, 2013, Plaintiff filed what the Court construes to be a motion to consolidate his complaint and amended complaint (Docket #13.) Plaintiff's motion will be denied.

On September 11, 2013, Plaintiff filed his original complaint (docket #1) in the Eastern District. Plaintiff's case was subsequently transferred to this Court (docket ##6-7), and on October 21, 2013, this Court issued an order directing Plaintiff to file an amended complaint on the civil rights complaint form provided by the Court. The order also advised Plaintiff, in bolded text, that "[t]he amended complaint will take the place of the original complaint, so it must include all of the Defendants Plaintiff intends to sue and all of the claims that Plaintiff intends to raise."

10

(Docket #11, Page ID#72.) Additionally, the order advised Plaintiff that there was no need for him to resubmit supporting exhibits. Thus, Plaintiff was aware that, once filed, his amended complaint would become the operative pleading in this action. Accordingly, Plaintiff's motion to consolidate will be denied.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: __November 25, 2013__          /s/ Janet T. Neff
                                     Janet T. Neff
                                     United States District Judge